UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DANIEL P. MEYERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:17-cv-706 |
| | ) |
| COMMISSIONER OF | )   Honorable Paul L. Maloney |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

# REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On January 8, 2014, plaintiff filed his application for DIB benefits. Plaintiff alleged a September 3, 2001, onset of disability. (ECF No. 7-5, PageID.235). Plaintiff's claim was denied on initial review. (ECF No. 7-4, PageID.139-42). On November 30, 2015, and May 2, 2016, he received a hearing before an ALJ. (ECF No. 7-2, PageID.79-122). On May 23, 2016, the ALJ issued her decision finding that plaintiff was not disabled.[1] (Op., ECF No. 7-2, PageID.56-74). On June 1, 2017, the Appeals Council denied review (ECF No. 7-2, PageID.37-39), and the ALJ's decision became the Commissioner's final decision.

---

[1] All citations to regulations herein are to the versions in effect on the date of the ALJ's decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following grounds:

> I. The ALJ's finding at step five of the sequential analysis is not supported by substantial evidence.
>
> II. The ALJ failed to properly address evidence of plaintiff's mental impairments.

(Plf. Brief at 5, ECF No. 11, PageID.480). For the reasons stated herein, I recommend that the Court affirm the Commissioner's decision.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## The ALJ's Decision

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act through June 30, 2018.  (Op. at 3, ECF No. 7-2, PageID.58). Plaintiff engaged in substantial gainful activity during the following periods: "2006; July 1, 2013 to October 11, 2013; and July 2015 to September 2015." (*Id.*). There were twelve-month periods where plaintiff had not engaged in substantial gainful activity. (*Id.* at 4, PageID.59).  Plaintiff had the following severe impairments: "history of emotional impairment; history of attention deficit hyperactivity disorder ('ADHD'); anxiety; depression; unspecified personality disorder; status-post left femur fracture; right eye blindness; and right ear hearing loss." (*Id.* at 4, PageID.59).

Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 5, PageID.60). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the following exceptions:

> after 30 minutes, he would need to stand for a couple of minutes before having to sit again; work needs to be unskilled; two to three steps at most; no work with moving machinery; and only occasional work with the public, supervisors, and coworkers.

(*Id.* at 9, PageID.64). The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and the other record evidence. (*Id.* at 9-17, PageID.64-72). Plaintiff could not perform any past relevant work. (*Id.* at 17, PageID.72).

The ALJ considered the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age with his RFC, education, and work experience, the VE testified that there were approximately 8,650,000 jobs that exist in the national economy that hypothetical person would be capable of performing. (ECF No. 7-2, PageID.115-16). The ALJ found that this constituted a significant number of jobs and found that plaintiff was not disabled. (Op. at 18-19, PageID.73-74).

## Discussion

### 1.

Plaintiff argues that the ALJ's finding at step five of the sequential analysis is not supported by substantial evidence because the VE's testimony was "unreliable."

(Plf. Brief at 6-9, ECF No. 11, PageID.481-84; Reply Brief at 5-6, ECF No. 13, PageID.516-17).

The VE testified that there were 8,650,000 jobs in the national economy that a hypothetical person of plaintiff's age with his RFC, education and work experience would be capable of performing: 200,000 final assembler jobs, 450,000 nut sorter jobs, and eight million bench assembler jobs. (ECF No. 7-2, PageID.115-16). Plaintiff presented no vocational expert testimony or other evidence at the administrative hearing indicating that the VE's testimony was unreliable. The ALJ's finding that the jobs identified by the VE constituted a significant number of jobs is supported by substantial evidence. *See Free v. Social Sec. Admin.*, 690 F. App'x 394, 396 (6th Cir. 2017).

Plaintiff invites the Court to commit error when he asks the Court to consider "Job Browser Pro" evidence that was not before the ALJ in determining whether the ALJ's decision is supported by substantial evidence. (Plf. Brief at 7-8, ECF No. 11, PageID.482-83). Where, as here, the Appeals Council denied review, the Court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d 469, 478 (6th Cir. 2003); *see also Salyer v. Commissioner*, 574 F. App'x 595, 597 (6th Cir. 2014). The Court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied

the law.[2]  *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996).

Plaintiff's argument that the ALJ failed to consider a post-hearing brief[3] does not provide a basis for disturbing the Commissioner's decision.  The ALJ stated at the end of the hearing that the record was closed.  (ECF No. 7-2, PageID.84-85).

Plaintiff did not ask the ALJ to leave the record open or seek leave to file a post-hearing brief.  Where the transcript clearly shows that plaintiff's representative "did not seek to have the record remain open until such time as other evidence could be made a part of the record, suggests that the claimant considered the evidence before the ALJ to be complete and sufficient to support his claim."  *Collins v. Commissioner*, No. 10-15000, 2011 WL 6654467, at *4 (E.D. Mich. Nov. 9, 2011) (collecting cases); *see Cranfield v. Commissioner*, 79 F. App'x 852, 859 (6th Cir. 2003) (Where a claimant fails to notify the ALJ that additional evidence will be forthcoming, fails to seek a continuance on that basis, and proceeds to a hearing without all his evidence, he "must live with the consequences.").

The purpose of the hearing is to give the claimant an opportunity to present evidence.  Once concluded, ALJs have the option to reopen a hearing to receive new and material evidence, but are under no obligation to do so.  An ALJ does not abuse

---

[2] Plaintiff has not presented any argument claiming an entitlement to a remand under sentence six of 42 U.S.C. § 405(g).

[3] On May 2, 2016, plaintiff's representative created a two-page document containing arguments regarding the VE's testimony.  (ECF No. 7-7, PageID.414-15).  The hearing transcript from that date reveals that no exhibits were added to the record and that plaintiff did not make arguments corresponding to those found in the document.  This indicates that the document was generated after the record was closed.

her discretion if she refuses to consider or fails to consider post-hearing evidence which is not accompanied by a request to reopen the hearing. *See Davis-Gordy v. Commissioner*, No. 1:11-cv-243, 2013 WL 5442418, at *7 (W.D. Mich. Sept. 30, 2013 (collecting cases). Plaintiff never filed a request asking the ALJ to reopen the hearing. *See* 20 C.F.R. § 404.944. I find no abuse of discretion.

**2.**

Plaintiff argues that the ALJ failed to properly address evidence of his mental impairments. (Plf. Brief at 9-13, ECF No. 11, PageID.484-88; Reply Brief at 1-5. ECF No. 13, PageID.512-16).

A. <u>ALJ Bias</u>

Plaintiff's initial argument under this heading is that the ALJ "consistently minimized any evidence of Plaintiff's mental impairments that was inconsistent with her predetermined conclusion." (Plf. Brief at 9, ECF No. 11, PageID.484; *see also Id.* at 13, PageID.488) (The "ALJ was predisposed to find Plaintiff not disabled."). Plaintiff's argument that the ALJ was biased is waived on multiple levels. It is waived because "plaintiff's failure to object to an ALJ's possible bias during the administrative process constitutes a waiver of plaintiff's objection." *Smith v. Commissioner*, 880 F.3d 813, 820 (6th Cir. 2018) (citation and quotation omitted). Further, plaintiff's statement of errors does not include a claim that the Commissioner's decision should be overturned because the ALJ was biased. Issues not included in a plaintiff's statement of errors are waived. *See Ealy v. Commissioner*, 594 F.3d 504, 513 (6th Cir. 2010); *see also Lewis v. Commissioner*, No. 1:16-cv-1055,

2017 WL 1396151 at *2 (W.D. Mich. Jan. 11, 2017) (collecting cases).

Even assuming that the claim of bias had not been waived, it is meritless. The ALJ is presumed to have exercised her powers with honesty and integrity, and the plaintiff has the burden of overcoming the presumption of impartiality "with convincing evidence that a risk of actual bias or prejudgment is present." *Collier v. Commissioner*, 108 F. App'x 358, 364 (6th Cir. 2004). "An adverse ruling alone is not enough to support a finding of bias." *Perschka v. Commissioner*, 411 F. App'x 781, 788 (6th Cir. 2010). There is no evidence that the ALJ was biased against plaintiff, much less the convincing evidence of actual bias necessary to overcome the presumption of impartiality.

### B. Weight the ALJ Gave to Opinions

Plaintiff argues that the ALJ should have given more weight to the opinions of consultative examiners and less weight to the opinions of a state agency psychological consultant. (Plf. Brief at 10-13, ECF No. 11, PageID.485-88; Reply Brief at 1-5. ECF No. 13, PageID.512-16). The narrow scope of judicial review of the Commissioner's final administrative decision does not include re-weighing evidence. *See Ulman v. Commissioner*, 693 F.3d at 713; *see also Reynolds v. Commissioner*, 424 F. App'x 411, 414 (6th Cir. 2011) ("This court reviews the entire administrative record, but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.").

This case does not involve the opinions of any treating physician, psychiatrist,

or psychologist. Plaintiff testified that he was not receiving any mental health treatment. (ECF No. 7-2, PageID.102).

The opinions of consultative examiners were not entitled to any particular weight and the ALJ was not under any special obligation to explain why she elected not to defer to those opinions. *See Karger v. Commissioner*, 414 F. App'x 739, 744 (6th Cir. 2011). Nonetheless, the ALJ explained her rationale for giving little weight to their opinions. *See Norris v. Commissioner*, 461 F. App'x 433, 439 (6th Cir. 2012). She also explained why the opinions of the state agency psychological consultant were entitled to greater weight.

1. Ms. Kantor

On April 7, 2014, Ms. Anne Kantor, a limited license psychologist, conducted a consultative psychological examination under the supervision of Dr. Frederick Sulier. Plaintiff drove to the appointment and arrived on time. He was in contact with reality and there was no evidence of psychomotor agitation or retardation. Plaintiff was quite focused on himself and symptoms, but his affect was appropriate throughout the appointment. He was spontaneous and adequately organized. Plaintiff indicated that he attended counseling as a teenager. He stated that he could not hold down a job. Ms. Kantor offered a diagnosis of a generalized anxiety disorder, persistent depressive disorder, and unspecified personality disorder. She described plaintiff as a "27 year old high school graduate who is capable of understanding, remembering and carrying out instructions and making decisions regarding work related matters." (ECF No. 7-8, PageID.454). She also offered her opinion that plaintiff would likely

continue having marked difficulty interacting appropriately with others and succeeding in the workplace. (*Id.*).

The ALJ found that Ms. Kantor's opinion was entitled to little weight. Plaintiff had no recent mental health treatment, which suggested that his mental conditions were not severe enough to warrant any type of marked restriction. (Op. at 16, ECF No. 7-2, PageID.71). The suggested marked limitation in social function was inconsistent with plaintiff's ability to remain married for years and visiting with his family every few weeks. Plaintiff worked in 2015 as an assistant head cashier for Harbor Freight and as a customer service representative for Auto Zone. Both jobs required some degree of interaction with others and plaintiff testified that both jobs ended only because he moved. (*Id.* at 16-7, PageID.71-72).

2. Dr. Greaves

On April 11, 2014, Dr. Fred Greaves reviewed plaintiff's records and offered his opinion that plaintiff had mild restriction in activities of daily living, moderate difficulties in maintaining social functioning, mild difficulties maintaining concentration, persistence or pace, and no episodes of decompensation. Plaintiff did not have limitations in understanding and memory. He did not have limitations in sustained concentration and persistence. Plaintiff did have limitations in social interaction. He was not significantly limited in his ability to interact appropriately with the general public. He was moderately limited in his ability to accept instructions and respond appropriately to criticism from supervisors and moderately limited in his ability to get along with coworkers or peers without being distracted by

them or exhibiting behavioral extremes.  Plaintiff's activities of daily living showed that he can manage his personal care, prepare simple meals, handle chores, driving, money management and social interactions with his wife, friends, and some of his relatives.  Plaintiff would work best in a job that did not require frequent contact with other workers.  He was capable of succeeding at simple, repetitive work activities. (ECF No. 7-3, PageID.129-33).

The ALJ found that Dr. Greaves's opinion that plaintiff was capable of performing simple, repetitive work tasks in a job that did not require frequent contact with other workers was entitled to great weight.  She found that the level of restriction suggested was consistent with plaintiff's daily activities.  (Op. at 17, ECF No. 7-2, PageID.72).

### 3. Dr. Kitchen

On November 12, 2015, Dr. Paul Kitchen conducted a consultative examination on a referral from plaintiff's representative.[4]  Plaintiff arrived on time and displayed no unusual behaviors or thought processes.  His clothing and hygiene were appropriate.  Plaintiff's IQ test results placed him in the extremely low intellectual range.  Dr. Kitchen believed that plaintiff put effort into his responses and that the IQ test results were a valid representation of plaintiff's current level of functioning.  (ECF No. 7-8, PageID.464-65).  Dr. Kitchen also completed a work

---

[4] It was appropriate for the ALJ to consider that plaintiff had been seen on a referral made for the purpose of generating evidence in support of his claim for DIB benefits, rather than for the purpose of medical treatment.  *See Meerman v. Commissioner*, No. 1:15-cv-626, 2016 WL 3536670, at *4 (W.D. Mich. June 29, 2016); *Perreault v. Commissioner*, No. 1:14-cv-942, 2015 WL 5592931, at *5 (W.D. Mich. Sept. 22, 2015).

capacity evaluation form. He offered his opinion that plaintiff had "marked" limitations in numerous areas, including his ability to carry out very short and simple instructions. (*Id.* at PageID.467-69).

The ALJ found that Dr. Kitchen's opinions were entitled to little weight. Plaintiff's recent, extremely low IQ scores were inconsistent with the record as a whole. Plaintiff had no history of a learning or intellectual disability. The special education services he received in school were related to an emotional impairment. His IQ test scores as a child were significantly higher. He had average to above average scores in all areas and there was no indication of a specific learning disability. (Op. at 8, 14-15, ECF No. 7-2, PageID.63, 69-70). The low scores were inconsistent with the overall record, including plaintiff's academic history, semi-skilled work history, presentation at the hearing, and activities of daily living. (*Id.* at 17, PageID.72). Plaintiff graduated from high school and his work history included semi-skilled work as a stocker, cook, cashier, and checker. Although plaintiff argued that he had a "checkered" work history, he testified that his last two jobs ended because he had moved. Records from his job as a construction company checker showed the job ended due to a change in the type of construction work. (*Id.* at 15, PageID.70).

The ALJ found that the work capacity form completed by Dr. Kitchen was entitled to little weight. RFC is an administrative finding of fact reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(2); *see Mokbel-Aljahami v. Commissioner*, No. 17-2044, __ F. App'x __, 2018 WL 2017564, at *5 (6th Cir. Apr. 30, 2018). An opinion on an issue reserved to the Commissioner is not entitled to "any special

significance." 20 C.F.R. § 404.1527(d)(3); *see Edwards v. Commissioner*, 636 F. App'x 645, 649 (6th Cir. 2016) ("[T]he regulations make clear that no special significance is to be given to the source of an opinion on issues that are reserved to the Commissioner[.]").

ALJs are not bound by conclusory statements of doctors where they appear on "check-box forms" and are unsupported by explanations citing detailed objective criteria and documentation. *See Buxton v. Halter*, 246 F.3d at 773; *see also Ellars v. Commissioner*, 647 F. App'x 563, 566-67 (6th Cir. 2016). " ' Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.' " *Bayes v. Berryhill*, No. 3:16-cv-2822, 2018 WL 791323, at *2 (N.D. Ohio Feb. 8, 2018) (quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)); *see Ashley v. Commissioner*, No. 1:12-cv-1287, 2014 WL 1052357, at *8 n.6 (W.D. Mich. Mar. 19, 2014) ("Courts have increasingly questioned the evidentiary value of 'multiple choice' or 'check-off' opinion forms[.]"); *see also Nichols v. Berryhill*, No. 16-14072, 2018 WL 2181463, at *3 (E.D. Mich. Jan. 25, 2018) ("Courts in this circuit have held that a medical source statement in 'check-the-box' format, by itself, provides little to no persuasive value — to hold otherwise would neglect its glaring lack of narrative analysis.") (citation and quotation omitted).

An examining relationship is one of the factors that an ALJ should consider when weighing medical opinions. *See* 20 C.F.R. § 404.1527(c). "[R]espective examining and non-examining status [is] only one of several relevant factors[.]" *Doornbos v. Commissioner*, No. 1:16-cv-641, 2017 WL 908089, at *11 (W.D. Mich.

Mar. 8, 2017) (citation and quotation omitted). "Consistency is another important factor: 'Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.'" *Id.* (quoting 20 C.F.R. § 404.1527(c)(4)).

"Social Security regulations recognize that opinions from non-examining state agency consultants may be entitled to significant weight, because these individuals are highly qualified and are experts in Social Security disability evaluation." *Ferrell v. Commissioner*, No. 1:14-cv-1232, 2016 WL 316724, at *5 (W.D. Mich. Jan. 27, 2016) (citation and quotations omitted); *see Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Moreover, "in appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." *Brooks v. Commissioner*, 531 F. App'x 636, 642 (6th Cir. 2013) (citation and quotation omitted). This is such an appropriate circumstance, and as discussed above, substantial evidence supports the ALJ's reasons for giving the State agency consultant's opinion great weight.

I find no error in the ALJ's consideration of the opinions in this administrative record and the weight he gave to those opinions. The ALJ's finding regarding plaintiff's RFC is supported by substantial evidence.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: August 15, 2018          /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).